IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Melvin Whaley, | ) | |
| | ) | C/A No. 5:06-0610-MBS |
| Movant, | ) | |
| | ) | |
| vs. | ) | **AMENDED** |
| | ) | **OPINION AND ORDER** |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Movant Melvin Whaley is a federal inmate in custody of the Bureau of Prisons.  On April

29, 2009, Movant, appearing pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or

correct sentence.

This matter is before the court on Respondent United States' motion for summary judgment,

which motion was filed on May 27, 2009 (Entry 87).  On May 27, 2009, pursuant to Roseboro v.

Garrison 528 F.2d 309 (4th Cir. 1975), Movant was advised of the summary judgment procedure and

the possible consequences if he failed to respond adequately.  Movant filed a response in opposition

to Respondent's motion on December 4, 2009.

## I. FACTS

On October 30, 2007, Movant pleaded guilty to felon in possession of a firearm, in violation

of 18 U.S.C. § 922(g)(1), 924(a)(2), and 924(e)(1) (Count 1), and distribution and possession with

intent to distribute  five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and

841(b)(1)(B) and 18 U.S.C. § 3147 (Count 2).  A written plea agreement filed on October 30, 2007

provided, among other things:

9.      The Defendant stipulates and agrees that he has three (3) prior felony drug convictions that have become final and that the Attorneys for the Government have filed an Information pursuant to 21 U.S.C. § 851 which subjects him to a mandatory minimum term of imprisonment of ten (10) years on Count 2. The Defendant further stipulates and agrees that this paragraph and the information that has been filed pursuant thereto fulfills the requirements of § 851, including service, and constitutes adequate and sufficient notice of a prior felony drug conviction for purposes of that statute. The Defendant agrees to not contest the Information that has been filed pursuant to 21 U.S.C. § 851 in accordance with this paragraph.

10.     The Attorneys for the Government and the Defendant stipulate and agree to the following for purposes of calculating the Defendant's sentence pursuant to the United States Sentencing Commission Guidelines:

(A)     That based upon his prior convictions the Defendant is a Career Offender pursuant to U.S.S.G. §4B1.1;

(B)     Those convictions include: 1) Possession With Intent to Distribute Marijuana (Date of Conviction – April 12, 2001); 2) Distribution of Marijuana (Date of Conviction – December 10, 2003); and 3) Distribution of Marijuana (Date of Conviction – December 10, 2003);

(C)     That the 2001 conviction for Possession With Intent to Distribute Marijuana listed in ¶ 10(B) was not related as part of a single common scheme or plan as to those Distribution of Marijuana convictions that occurred in 2003. See U.S.S.G. §4A1.2, cmt. 3;

(D)     As such, the Defendant's U.S.S.G. range, if he qualifies for acceptance of responsibility, is 262-327 months. See U.S.S.G. §4B1.1(c)(3); and

(E)     The Defendant's relevant conduct involves the distribution and possessing with intent to distribute more than 50 grams but less than 150 grams of cocaine base, which results in a base offense level of 32. See U.S.S.G. §2D1.1(a)(3) and (c)(4).

See Plea Agreement (Entry 66), 6-7.

Movant was sentenced on April 24, 2008, to 115 months incarceration as to Count 1 and 147 months as to Count 2, to run consecutively. Judgment was entered April 29, 2008 (Entry 77). Movant did not appeal his guilty plea or sentence.

## II. DISCUSSION

Movant contends that he received ineffective assistance of counsel. According to Movant, counsel (1) pressured Movant into entering a guilty plea (Ground One); (2) allowed Movant to waive his appeal rights as part of the plea agreement (Ground Two); (3) failed to contest Movant's predicate offenses that subjected Movant to a career offender enhancement (Ground Three); and (4) failed to argue at sentencing that Movant's career offender status overstated his prior criminal history (Ground Four). See generally Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Entry 80), 4-8. The court will address Movant's contentions in turn.

### Law/Analysis

Movant alleges that he received ineffective assistance of counsel. To prove ineffective assistance of counsel, Movant must show that trial counsel's performance was deficient. See Strickland v. Washington, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it is not reasonable under prevailing professional norms. Id. at 688. Movant also must demonstrate that he was prejudiced by trial counsel's alleged deficient performance, in that because of trial counsel's unprofessional errors, the result of the proceeding would have been different. See id. at 694.

Strickland requires Movant to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. The court then must "determine whether, in light of all the circumstances, the identified acts or omissions were outside

the wide range of professionally competent assistance." Id. Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error had no effect on the judgment. Id. at 694.

In Hill v. Lockhart, 474 U.S. 52 (1985), the United States Supreme Court discussed the application of the rule regarding deficient performance in cases where the defendant does not go to trial, but instead enters a guilty plea:

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial.

Id. at 57-59 (internal citations omitted).

A.    Involuntary Guilty Plea (Ground One)

Movant first asserts that he received ineffective assistance of counsel because counsel's "failure to prepare for a jury trial and pressuring him into believing a guilty plea was his only option, caus[ed] Movant Whaley to enter an involuntary, unknowing and unintelligent plea." Entry 80, 4. Assuming for purposes of summary judgment that counsel "pressured" Movant into entering a plea, and that such "pressure" constituted ineffective assistance of counsel, Movant cannot show prejudice.

4

A district court must ensure that the defendant understands the nature of the charges against him, the mandatory minimum and maximum sentences, and other various rights, so it is clear that the defendant is knowingly and voluntarily entering his guilty plea. The court must also ensure that there is a factual basis for the plea. United States v. Chavez, 247 F. App'x 448 (4th Cir. 2007) (citing Fed. R. Crim. P. 11(b)(1), (3); United States v. DeFusco, 949 F.2d 114, 116, 120 (4th Circ. 1991)).

In this case, Movant was placed under oath and advised that the government has the right in a prosecution for perjury or false statement to use the answers given under oath against him. Change of Plea Hearing (Entry 86), 5-6. The court thereafter engaged in a lengthy colloquy with Movant. Movant advised the court that counsel had explained the charges against him, the possible penalties that he faced, and his constitutional rights. Id. at 26. The court read the charges contained in Counts One and Two to Movant and explained the elements of the offenses to him, as well as the penalties he faced. Id. at 26-29. Movant affirmed to the court that he understood the charges, penalties, and what the government would have to prove if his case went to trial. Id. at 29. The court asked the government to summarize the plea agreement, including the stipulations set forth in paragraphs 9 and 10. Id. at 31-32. Movant averred to the court that he agreed with the summary of the plea agreement. Id. at 33. Movant averred to the court that he understood that the stipulations were not binding on the court. Id. Movant informed the court that no one had promised him what sentence he would receive. Id. Movant attested that he understood that he had a right to plead not guilty. Id. at 34. Movant affirmed that, other than the plea agreement, no one had promised him anything or held out any hope of reward to get him to plead guilty. Id. Movant attested that no one had threatened him or used force to cause him to plead guilty. Id. at 34-35. Movant attested that he had had enough time to make up his mind as to whether to plead guilty and that he was pleading guilty

5

of his own free will and accord because he was guilty.  Id. at 35.  The government thereafter summarized the facts underlying the charges, and Movant agreed that the facts set forth what he did. Id. at 38.

Movant asserts that had counsel been honest regarding sentence length, Movant would not have entered a plea but would have proceeded to trial.  However, the Plea Agreement signed by Movant accurately set forth a sentencing range of 262-327 months.  Entry 66, 7.  The sentencing range of 262 to 327 months was recited on the record as part of the summary of the Plea Agreement. Entry 32, 39.  As noted hereinabove, Movant indicated that he agreed with the summary of the plea offered by the government.  Movant contends, however, that he "answered the vast majority of the Court's questions in a positive and affirmative manner as instructed to do by defense counsel[.]" Movant's Reply Brief (Entry 110), 15.  Movant asserts that his "cognitive skills are extremely inferior with a very limited educational background that would prevent him from being able to affirmatively read, comprehend and digest the legalese language contained in the plea agreement and the Sentencing Guidelines."  Id.

In addition to affirming the summary of the Plea Agreement, Movant informed the court that he graduated from Denmark Technical College.  Entry 86, 7.  Movant attested that he was satisfied with the manner in which his lawyer had advised and represented him and that he understood their conversations.  Id. at 12-13.  Movant informed the court that he had no complaint to make about his lawyer.  Id. at 15.  According to Movant, he had talked with counsel about the sentencing guidelines and how the guidelines might apply to his case.  Id. at 16.  "'A defendant's solemn declarations in open court affirming a plea agreement carry a strong presumption of verity because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea

colloquy.'" United States v. Morgan, 284 F. App'x 79, 86 (4th Cir. 2008) (quoting United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005)). The Fourth Circuit has held that, "'in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict [a movant's] sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible," and "patently frivolous or false."'" Id. (quoting Lemaster, 403 F.3d at 221).

The court discerns no foundation in the record to support a finding that Movant's guilty plea was not knowingly and voluntarily made. Ground One is without merit.

B.    Waiver of Right to Appeal (Ground Two)

Movant asserts that, because of counsel's deficient performance, he unknowingly waived his right to appeal. The court has thoroughly reviewed the Plea Agreement and the transcript of the guilty plea hearing and finds no waiver of appeal rights articulated in the Plea Agreement. Ground Two is without merit.

C.    Failure to Contest Predicate Offenses (Ground Three)

Movant contends that counsel was ineffective for failing to challenge Movant's classification as a career offender.

Section 4B1.1(a) of the United States Sentencing Guidelines (U.S.S.G) provides that:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

As the government argued in detail in its motion for summary judgment, Movant's prior convictions for possession with intent to distribute in 2001 and distribution of marijuana in 2003 constituted "prior felony convictions" for purposes of § 4B1.1(a). The two prior convictions

involved controlled substances and each was punishable by imprisonment for more than one year. See S.C. Code Ann. § 44-53-370(a), 44-53-370(b)(2). Movant stipulated in the Plea Agreement that the two prior convictions were not part of a "common scheme or plan" as defined in U.S.S.G. § 4A1.2 cmt. 3. It is axiomatic that failure to raise a meritless objection cannot serve as a ground for ineffective assistance of counsel. Bolender v. Singletary, 16 F. 3d 1547, 1573 (11th Cir. 1994). Ground Three is without merit.

D.     Failure to Argue that Career Offender Classification Overstates Prior Criminal History (Ground Four)

Movant contends that counsel was ineffective for failing to argue that Movant's career offender classification over-represents the seriousness of his prior criminal history or his likelihood of recidivism.

U.S.S.G. § 4A1.3(b)(1) provides:

STANDARD FOR DOWNWARD DEPARTURE.–If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted.

Movant contends that a downward departure was warranted because he received probation for his prior controlled substance offenses. Movant also appears to argue that his prior offenses were not of a serious nature because they involved "marijuana. Not heroin, cocaine, "crack," LSD or other addictive drugs . . . . but simply marijuana." Entry 110, 17.

Regardless of Movant's view that possession and/or distribution of marijuana is a less culpable offense than possession and/or distribution of a different controlled substance, the fact remains that Movant's prior offenses constituted felony offenses for purposes of career offender classification.

8

Further, the PSR does not support a finding that Movant will not commit other crimes. The prior marijuana conviction in December 2003 took place approximately one year before Movant was involved in a monitored telephone call with a confidential informant in an effort to exchange crack cocaine for firearms. The call took place on January 20, 2005. PSR ¶ 13. On August 25, 2005, a search executed pursuant to a warrant resulted in the seizure of numerous weapons and ammunition. Movant was indicted for being a felon in possession on June 7, 2006. Movant was allowed to remain free on a $50,000 unsecured bond. While on bond, Movant sold crack cocaine to a confidential informant on November 7, 2006, November 15, 2006, and December 12, 2006, resulting in the distribution of 59.52 grams of crack cocaine. PSR ¶¶ 18-20. These facts militate against a finding that a downward departure under § 4A1.3(b)(1) would be appropriate.

Moreover, counsel filed a motion and memorandum for variance on April 18, 2008. Counsel argued, among other things, that

> a sentence that falls below the guideline range but yields a significant term will provide just punishment for the Defendant, due to the fact that incarceration has **never** been used in the defendant's prior criminal history to cease his recidivism; therefore, a sentence that results in incarceration but below the Guideline range will still be as successful as a sentence that falls within the Guideline range. A sentence in excess of twenty years on an individual who has never been required to serve any prison time for any of his prior offenses is grossly excessive when incarceration has never been used to punish the Defendant for any of his prior criminal acts or to deter him from committing any criminal acts in the future.

Defendant's Motion & Memorandum for Variance (Entry 74), 7.

Counsel essentially made the arguments advanced by Movant. The court concludes that Movant did not receive ineffective assistance of counsel. Ground Four is without merit.

## III.  CONCLUSION

For the reasons stated, the United States' motion for summary judgment is **granted**.

Movant's § 2255 motion is dismissed, with prejudice.

## IV.  CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a

constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating

that reasonable jurists would find that any assessment of the constitutional claims by the district

court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise

debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84

(4th Cir.2001).  The court concludes that Movant has not made the requisite showing.  Accordingly,

the court **denies** a certificate of appealability.

**IT IS SO ORDERED**.


/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

February 19, 2010.


**NOTICE OF RIGHT TO APPEAL**

Movant hereby is notified that he has the right to appeal this order pursuant to Rules
3 and 4 of the Federal Rules of Appellate Procedure.

10