IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Melvin Whaley,                              )<br>                                                    )   Cr. No. 5:06-0610-MBS<br>               Movant,                       )<br>                                                    )<br>    vs.                                             )<br>                                                    )   **OPINION AND ORDER**<br>United States of America,                )<br>                                                    )<br>               Respondent.                 )<br>_____)   | |

      Movant Melvin Whaley is a federal inmate in custody of the Bureau of Prisons. On April 29, 2009, Movant, appearing pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, asserting that he had received ineffective assistance of counsel during his guilty plea and sentencing. Among other things, Movant alleged that counsel's performance was deficient in that counsel failed to challenge Movant's classification as a career offender pursuant to U.S.S.G. § 4B1.1(a). On May 27, 2009, Respondent United States filed a motion for summary judgment. Movant filed a response in opposition to Respondent's motion on December 4, 2009.

      By order filed February 18, 2010, and amended February 19, 2010, the court granted Respondent's motion for summary judgment. With respect to the issue of Movant's classification as a career offender, the court found that Movant had prior convictions for possession with intent to distribute marijuana in 2001 and distribution of marijuana (second offense) in 2003. The court concluded that, contrary to Movant's contentions, the offenses constituted "prior felony convictions" under § 4B1.1(a) because each of the two prior convictions involved controlled substances and each was punishable by imprisonment for more than one year. See S.C. Code Ann. § 44-53-370(a), 44-

53-370(b)(2). Movant appealed the court's order on April 20, 2010. The Court of Appeals for the Fourth Circuit dismissed Movant's appeal for failure to prosecute by order filed June 18, 2010.

This matter now is before the court on Movant's motion for relief pursuant to Fed. R. Civ. P. 60(b), which motion was filed September 20, 2012. Rule 60(b)(6) allows the court to reconsider its order for "any other reason justifying relief from the operation of the judgment." The Supreme Court has held that Rule 60(b)(6) "provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.' " Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863-64 (1988) (quoting Klapprott v. United States, 335 U.S. 601, 614-15 (1949)).

Movant asserts that the court should vacate its February 2010 order in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). In Simmons, the Fourth Circuit applied Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), to establish that a prior conviction for which a defendant could not have received more than one year in prison does not qualify as a felony offense under federal law.

As an initial matter, the Fourth Circuit held recently that Simmons is not retroactively applicable to cases on collateral review. See United States v. Powell, 691 F.3d 554 (4th Cir. 2012). Accordingly, Movant's claim is not cognizable. Even if Movant were able to assert his claim, Movant's prior convictions subjected him to imprisonment for not more than five years (2001 offense) and not more than ten years (2003 offense). To determine whether a conviction qualifies as a felony offense, the court must look at the range of penalties to which Movant potentially was subject, and not to the sentence actually imposed. See United States v. Williams, 508 F.3d 724, 728 (4th Cir. 2007); United States v. Thompson, 480 F. App'x 201, 204 (4th Cir. 2012).

Movant's motion for relief pursuant to Rule 60(b) (ECF No. 121) is **denied**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

June 14, 2013

### NOTICE OF RIGHT TO APPEAL

Movant hereby is notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.