IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America )<br>  )<br>vs.  )<br>  )<br>Melvin Whaley,  )<br>  )<br>　　　　　Defendant.  )<br>＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿) | Cr. No. 5:06-0610-MBS<br><br>**OPINION AND ORDER** |

Defendant Melvin Whaley pleaded guilty on October 30, 2007 to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), 924(a)(2), and 924(c)(1) (Count 1); and possession with intent to distribute and distribution of 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 3147 (Count 2). Defendant was sentenced on April 24, 2008 to incarceration for a period of 262 months, consisting of 115 months as to Count 1 and 147 months as to Count 2, to be served consecutively. Judgment was entered on April 29, 2008.

This matter is before the court on Defendant's pro se motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2), which motion was filed June 3, 2013. Defendant seeks a reduction in sentence pursuant to the Fair Sentencing Act of 2010. It appears that Defendant requests the retroactive application both of Amendment 750 to the United States Sentencing Guidelines, and of the revisions to threshold amounts required to trigger a statutory mandatory minimum term of imprisonment.

With respect to Amendment 750, the court must determine the amendment guideline range that would have been applicable had Amendment 750 been in effect at the time Defendant was sentenced. See Dillon v. United States, 130 S. Ct. 2683, 2692 (2010). Defendant was determined

to be a career offender based upon two prior felony drug convictions. Had Amendment 750 been in effect at the time of sentencing, Defendant still would have been subject to an enhanced offense level of 37 under U.S.S.G. § 4B1.1(b)(A), regardless of his base offense level. Therefore, Amendment 750 does not affect Defendant's sentence.

As to the statutory revisions to the FSA, these revisions apply only to offenders whose crimes preceded August 3, 2010, the effective date of the FSA, but who were sentenced after that date. Dorsey v. United States, 132 S. Ct. 2321 (2012). As noted above, Defendant committed offenses in 2005 and 2006 for which he was sentenced in 2008. The court is without jurisdiction to resentence Defendant pursuant to the statutory provisions set forth in the FSA.

Movant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 123) is **denied**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

June 14, 2013

### NOTICE OF RIGHT TO APPEAL

Movant hereby is notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

2