IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America )<br>)<br>vs. )<br>)<br>Melvin Whaley, )<br>)<br>Defendant. )<br>_____ ) | Cr. No. 5:06-0610-MBS<br><br>**OPINION AND ORDER** |

Movant Melvin Whaley pleaded guilty on October 30, 2007 to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), 924(a)(2), and 924(c)(1) (Count 1); and possession with intent to distribute and distribution of 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 3147 (Count 2). In his plea agreement, Movant stipulated and agreed that he has three prior felony drug convictions that had become final and that the attorneys for the government had filed an Information pursuant to 21 U.S.C. § 851. Movant further agreed and stipulated to being a career offender pursuant to U.S.S.G. § 4B1.1 and that his guideline sentencing range was 262-327 months. ECF No. 66.

A presentence investigation report (PSR) was prepared that established a base offense level as to Count 1 of 24 because he committed the offense subsequent to sustaining at least two felony convictions of either a crime of violence of a controlled substances offense. See U.S.S.G. § 2K2.1(a)(2). Movant's base offense level was increased by two levels because the offense involved at least three but not more than seven firearms. See U.S.S.G. § 2K2.1(b)(1)(A). Regarding Count 2, Movant was held accountable for 59.53 grams of cocaine base and his base offense level was determined to be 30. The base offense level was increased by three levels pursuant to U.S.S.G. § 3C1.3, for a combined adjusted offense level of 33. Because Movant was determined to be a career offender, his offense level pursuant to U.S.S.G. § 4B1.1(b)(A) became 37. Movant received a three-

level reduction for acceptance of responsibility, for a total offense level of 34. Because Movant was classified as a career offender, his criminal history category was determined to be VI. Movant was sentenced on April 24, 2008 to incarceration for a period of 262 months, consisting of 115 months as to Count 1 and 147 months as to Count 2, to be served consecutively. Judgment was entered on April 29, 2008.

On April 29, 2009, Movant, proceeding pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, asserting that he had received ineffective assistance of counsel during his guilty plea and sentencing. Among other things, Movant alleged that counsel's performance was deficient in that counsel failed to challenge Movant's classification as a career offender pursuant to U.S.S.G. § 4B1.1(a). On May 27, 2009, Respondent United States filed a motion for summary judgment. Movant filed a response in opposition to Respondent's motion on December 4, 2009.

By order filed February 18, 2010, and amended February 19, 2010, the court granted Respondent's motion for summary judgment. With respect to the issue of Movant's classification as a career offender, the court found that Movant had prior convictions for possession with intent to distribute marijuana in 2001 and distribution of marijuana (second offense) in 2003. The court concluded that, contrary to Movant's contentions, the offenses constituted "prior felony convictions" under § 4B1.1(a) because each of the two prior convictions involved controlled substances and each was punishable by imprisonment for more than one year. See S.C. Code Ann. § 44-53-370(a), 44-53-370(b)(2). Movant appealed the court's order on April 20, 2010. The Court of Appeals for the Fourth Circuit dismissed Movant's appeal for failure to prosecute by order filed June 18, 2010.

On September 20, 2012, Movant filed a motion for relief pursuant to Fed. R. Civ. P. 60(b)(6). Movant asserted that the court should vacate its February 2010 order, as amended, in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). In Simmons, the Fourth Circuit applied Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), to establish that a prior conviction for which a defendant could not have received more than one year in prison does not qualify as a felony offense under federal law. By order filed June 18, 2013, the court noted that, to determine whether a conviction qualifies as a felony offense, the court must look at the range of penalties to which Movant potentially was subject, and not to the sentence actually imposed. See United States v. Williams, 508 F.3d 724, 728 (4th Cir. 2007); United States v. Thompson, 480 F. App'x 201, 204 (4th Cir. 2012). The court held that Movant's claim was not cognizable because, among other things, Movant's prior convictions subjected him to imprisonment for not more than five years (2001 offense) and not more than ten years (2003 offense), and thus were not governed by Simmons.

This matter now is before the court on Movant's motion for reconsideration pursuant to Fed. R. Civ. P. 59(e), which motion was filed on July 19, 2013. Movant asserts that the court should review its June 18, 2013 order in light of Alleyne v. United States, 133 S. Ct. 2151 (2013). In Alleyne, the Supreme Court determined that, consistent with Apprendi v. New Jersey, 530 U.S. 466 (2000), any fact that, by law, increases a mandatory minimum sentence is an "element" that must be submitted to the jury.[1] In Alleyne, the penalty for the crime of using or carrying a firearm in relation to a crime of violence increased from five years to seven years incarceration if the firearm was brandished, and to ten years imprisonment if the firearm was discharged. See 18 U.S.C. §

---

[1] The Court held in Apprendi that any fact that increases the statutory maximum sentence must be found by a jury.

3

924(c)(1)(A). According to the Court, "[t]he essential point is that the aggravating fact produce[s] a higher range, which, in turn, conclusively indicates that the fact is an element of a distinct and aggravated crime. It must, therefore, be submitted to the jury and found beyond a reasonable doubt." Alleyne, 133 S. Ct. at 2162-63.

Movant appears to argue that the "fact" of his prior convictions should have been submitted to a jury because the prior convictions increased Movant's sentence. As an initial matter, the court notes that when a defendant expressly waives his Sixth Amendment rights, consents to factfinding by the court, or admits the fact otherwise committed to the jury, the Sixth Amendment protections are avoided. United States v. Milam, 443 F.3d 382, 387 (4th Cir. 2006) (citing cases). Here, Movant consented to factfinding by the court by entering a plea of guilty. Moreover, despite Apprendi and Alleyne, the Supreme Court has not overruled precedent holding that a prior conviction that raises the statutory maximum penalty is a sentencing enhancement, and not an element of the offense. See Almendarez-Torres v. United States, 523 U.S. 224 (1998); United States v. Boatley, 2014 WL 46126 (11th Cir. Jan. 7, 2014).

Movant's motion for relief pursuant to Rule 59(e) (ECF No. 128) is **denied**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

May 9, 2014

4

**NOTICE OF RIGHT TO APPEAL**

Movant hereby is notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.